

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tarece Johnson, | |
| Plaintiff, | |
| v. | 19   2241 |
| Perkiomen School, | Case No. ___ |
| Defendant. | |
| | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Tarece Johnson (hereinafter referred to as "Plaintiff"), by and through her attorneys, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations by Perkiomen School (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et. seq.*).

### JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth

by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (*See* Notice of Right to Sue, attached hereto as "Exhibit A."

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 3585 Mount Vernon Ct. Lawrenceville, GA 30044.

8. Defendant is an educational institution located at 200 Seminary Street, Pennsburg, PA 18073.

## FACTUAL BACKGROUND

9. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10. Plaintiff is a black / African-American female.

11. Plaintiff's sincerely held religion is Judaism.

12. Plaintiff was hired by Defendant as Assistant Headmaster of Global Diversity & Inclusion in about July of 2017.

13. At the time Plaintiff was hired, Plaintiff was not expressly advised that her job would require weekend duty assignments.

14. Shortly after being hired, Plaintiff learned that she would be required to work weekend duty assignments.

15. As a result of her sincerely held religious beliefs, Plaintiff requested a reasonable accommodation insofar as she requested that she be excused from working weened duty assignments because said assignments conflicted with her religious observance

16. Defendant denied Plaintiff's request for a religious accommodation. Specifically, Headmaster Mark Devey ("Mr. Devey"), who is a Caucasian, made the following statement(s):

- "[W]e don't accommodate Catholics so we're not accommodating you."
- "Why should I give you, a Jew, a special schedule?"

17. When Plaintiff attempted to persuade Mr. Devey to reconsider his refusal to reasonably accommodate her religious observances, Mr. Devey said "[y]ou need to learn to fit in this culture and make it work for you."

18. Upon information and belief, other employees were excused from working weekend duty assignments for various personal reasons. However, Plaintiff was not afforded the same luxury even though her request was because of her sincerely held religious beliefs.

19. In addition to being denied a request for a reasonable religious accommodation, Plaintiff was subjected to a pattern of race-based discriminatory comments and conduct during her employment with Defendant, which includes but is not limited to the following:

- With respect to recruiting predominantly Puerto Rican students to play baseball and black/African-American students to play basketball, Mr. Devey stated: "They are good in sports, so we recruit them to make our school look good so we can have a name and raise funds."

- After firing Teacher Kristina Agiri, Mr. Devey said "Agiri is from Africa . . . they are poor and don't have a lot of money in Africa."
- In response to Plaintiff's request that Mr. Devey consider diversity when filling a position in the history department, Mr. Devey stated that there was not enough time to do so. However, Mr. Devey hired a Caucasian woman to fill the role and said woman was not able to start for six (6) to eight (8) weeks.
- In about October of 2017, Mr. Devey demanded that Plaintiff remove an article that Plaintiff posted to LinkedIn title "Privilege" because Mr. Devey incorrectly assumed it was about him and stated that it "looks bad on the school and community."

20. As Plaintiff's job duties included a focus on diversity and inclusion, she organized student groups and otherwise met privately with students so as to create a safe space for students to openly discuss race issues. During these meetings, students informed Plaintiff that Mr. Devey had a history of race-based derogatory comments such as referring to black/African-American and Hispanic people as "crack babies."

21. In response to the meetings referenced in Paragraph 20, Mr. Devey chastised Plaintiff and told her that she "can't control the information [students] share and hold private meetings."

22. During Plaintiff's employment with Defendant, race-based and anti-Semitic hate mail was sent to the community, including Plaintiff and students.[1] In response to this hate mail, Plaintiff collaborated with students to plan a peace vigil.

23. After the vigil referenced in Paragraph 22, Mr. Devey angrily confronted Plaintiff and told her that she "need[ed] to ask for permission from [Mr. Devey] and not make decisions on [her] own."

---

[1] It is not herein alleged that this hate mail was sent by or otherwise sent on behalf of Defendant

24. In addition to the forgoing, Mr. Devey generally treated Plaintiff in a very rude and condescending manner as compared to other employees. For example, during a meeting on about October 28, 2017, Mr. Devey systematically critiqued Plaintiff's the manner in which she had been doing her job, including telling her that she did "not know the culture of boarding schools" and rudely telling her that he was "running the show."

25. At the conclusion of the meeting referenced in Paragraph 23, Plaintiff told Mr. Devey that she believed she was being subjected to biased and discriminatory treatment.

26. As a result of the forgoing treatment, Plaintiff resigned from employment on about November 9, 2017.

27. Plaintiff avers that she was constructively discharged from employment by virtue of the aforementioned failure to accommodate and discriminatory treatment.

### Count I
### Violations of Title VII
### (Religion: Failure to Accommodate and Discrimination)

28. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

29. Defendant is an employer as defined by the Title VII.

30. Title VII imposes a duty on employer to take affirmative steps to accommodate an employee's religious observances and practices.

31. As set forth in detail above, Plaintiff's request for a religious accommodation was denied.

32. As set forth in detail above, Plaintiff was subjected to discriminatory/disparate treatment because of her religion.

33. The above actions constitute violations of Title VII.

## Count II
## Violations of Title VII
### (Race: Hostile Work Environment and Discrimination)

34.	The forgoing paragraphs are incorporated in their entirety as if set forth in full.

35.	As set forth in detail above, Plaintiff was subjected to severe and pervasive comments and treatment because of her race. These comments were not welcome by Plaintiff.

36.	As set forth in detail above, Plaintiff suffered an adverse action when she was constructively discharged.

37.	The above actions constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A.	Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B.	Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination and retaliation at the hand of Defendant until the date of verdict;

C.	Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

*/s/ signature*

Jonathan W. Chase, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com

# **EXHIBIT A**

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Tarece L. Johnson<br>3585 Mount Vernon Court<br>Lawrenceville, GA 30044 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 530-2018-00928 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Jamie R. Williamson,
District Director

2/26/2019
*(Date Mailed)*

cc: **PERKIOMEN SCHOOL**
Brian Welsh, Esq. (for Respondent)